**Richard DUBSKY, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. No. 1716.**

United States District Court
W. D. Tennessee, E. D.

Sept. 21, 1967.

W. H. Lassiter, Huntingdon, Tenn., for plaintiff.

Shervin V. Reynolds, Atty., Dept. of Justice, Washington, D. C., Thos. L. Robinson, U. S. Atty., Memphis, Tenn., for defendant.

## OPINION ON MOTION FOR SUMMARY JUDGMENT

ROBERT M. McRAE, Jr., District Judge.

This is an action for refund of federal excise taxes assessed against the plaintiff, Richard Dubsky, pursuant to that section of the Internal Revenue Code which imposed an excise tax on initiation fees paid for membership in country clubs. The matter was presented on a Motion for Summary Judgment filed by the United States of America.

The plaintiff was one of the original twenty-five stockholders in Carroll Lake Country Club, Inc. Plaintiff was issued ten shares of stock upon executing a promissory note in the amount of $1,000.00. The United States contends that this amount was subject to a 20% excise tax because it was an initiation fee as defined by § 4242(b) of the Internal Revenue Code which provides as follows:

"(b) *Initiation Fees.*—As used in this part the term 'initiation fees' includes any payment, contribution, or loan, required as a condition precedent to membership, whether or not any such payment, contribution, or loan is evidenced by a certificate of interest or indebtedness or share of stock, and irrespective of the person or organization to whom paid, contributed, or loaned."

The Carroll Lake Country Club, Inc. is a corporate organization. The stated purposes include the organization and operation of one or more recreational clubs, the serving of food and beverages, the ownership and occupancy of real estate, the borrowing of money in the corporate name, and the obtaining and holding of licenses issued by municipal, state and federal governments. After stating the above purposes, the by-laws further provide as follows:

"(f) In furtherance of the foregoing purposes, to organize, operate and direct an auxiliary non-profit organization to be known as CARROLL LAKE COUNTRY CLUB, at all times to be under the direction and control of this corporation, and regulated as hereinafter provided."

The by-laws authorize the stockholders to elect the Directors, who need not be stockholders but must be members as otherwise defined. The Board of Directors elect the officers who must be stockholders. Any one or more of the directors may be removed, with or without cause, "by a majority vote of the stockholders holding more than one-half" of the stock at any special meeting called for that purpose. The by-laws further provide that the club facilities shall be made available to "members" who are approved by the Membership

Committee and otherwise meet qualifications, such as legal age and good moral reputation. These "members" are not required to pay any initiation fee but do pay membership dues which the Club admits are subject to the excise tax payable on club dues. The club had, in 1965, approximately 270 members paying dues. It is not required that the dues paying members own any stock nor is a stockholder relieved from paying dues. One stockholder, other than the plaintiff, was not, in, fact, a, dues paying member.

The plaintiff contends that the $1,000.00 which he agreed to pay for his stock was not an initiation fee for membership within the meaning of the statute because it was the acquisition of a proprietary interest only.

This tax has been held to be applicable to a separate class of membership which required the investment of funds as a condition precedent to joining a particular group in an organization which carried on the activities covered by the excise tax. McDonald v. United States, 315 F.2d 796 (C.A. 6, 1963). In the instant case one corporate entity contained two groups of persons, the owners and the users. The members of the owners group, in addition to owning the club facilities through stock, exercised ultimate and final control over the user group, who paid monthly dues for the privilege of using the facilities.

Membership in the owner group required the payment of the price of the stock. Although the operation of the facilities is on a non-profit basis by the terms of the by-laws, there is an investment potential in the stock ownership if the assets of the corporation increase in value. However, the primary purpose of forming the corporation and acquiring funds from stock subscription was to form a country club. In doing so the stockholders preserved not only ownership of the assets, but also the means of controlling the operation of the club. This Court is of the opinion that the shareholders exercised sufficient control over the operation of the club and the

use of its assets, to support the imposition of the tax. The Motion for Summary Judgment filed by the United States of America is well taken and the Court renders a judgment in favor of the defendant in this cause.